JAMES B. LATHAM AND CORNELIUS FONDA, AS TAX-PAYERS, ETC., APPELLANTS, *v.* STEPHEN H. RICHARDS AS PRESIDENT, ETC., AND OTHERS, RESPONDENTS.

*Charter of Saratoga Springs — chap.* 220 *of* 1866 — *Restrictions on expenditures of village — Construction of statutes — Chap.* 161 *of* 1872.

The charter of the village of Saratoga Springs contained the following provision: " Nor shall any expenditure be made or incurred until the money or tax for that specific object shall have been voted or levied." *Held*, that the word " expenditure " should not be restricted to current expenses, but that it covered the case of a purchase, by the village, of a lot for cemetery purposes.

The act chapter 760 of 1870 amending chapter 727 of 1869, was intended to give the right to villages to acquire title, *in invitum*, to land for burial grounds (the right to *purchase* such lands having been already given by previous statutes of 1847 and 1864), and it should not, therefore, be so construed as to remove the restrictions as to expenditures contained in the village charter passed by the legislature in 1866, the acts of 1847 and 1864 giving the right to *purchase* having been passed before and being clearly subject to such restrictions.

APPEALS from two orders, each denying an injunction in the above action.

This is an action brought by the plaintiffs, as tax-payers of the village of Saratoga Springs, in behalf of themselves and all others similarly situated, under the act chapter 161, of 1872, to restrain the board of trustees of said village from carrying out and consummating an alleged purchase of the "Waring farm," so called, for a new cemetery for said village, and to enjoin the said board of trustees from collecting any tax, or paying over any money belonging to said village, on or towards said purchase-price, on the ground that the said purchase was *ultra vires*, and hence not binding upon said village; and, therefore, that the payment therefor out of the money, property or funds belonging to said village would be a misappropriation and waste of the public funds and property of the corporation under the act of 1872, above mentioned.

On the complaint, duly verified, and on the affidavit of A. Pond, Judge LANDON granted an order requiring the village and the board of trustees to show cause, on the 16th day of June, 1877, why an order should not be made restraining them from making out any tax

list and warrant to collect a tax to pay said alleged indebtedness pending the action ; and, on the return of the order, Judge LANDON denied the application for an injunction, on the ground that the board of trustees had power to make said purchase, and that the same was valid and binding on said village. The plaintiffs thereupon appealed from that order to the General Term. Afterwards, fearing that the terms of the above-mentioned order to show cause were not broad enough, and therefore might embarrass the plaintiffs on the appeal, the plaintiffs obtained another order, on additional papers, requiring the defendants to show cause why they should not be restrained from paying over any money on said purchase, and from removing the bodies from the Nelson street cemetery to the Waring farm, as it is alleged the board of trustees intended to do, and from doing any other act or thing towards ratifying or carrying out said alleged purchase, until the further order of the court in the premises, and containing also a prayer for general relief. On the return of the latter order to show cause, Judge LANDON, following his former opinion, again denied the application for an injunction ; the plaintiffs appealed from the latter order also, to the General Term.

*A. Pond,* for the appellants.

*Lester, Carr & Peters,* for the respondents.

LEARNED, P. J.:

This action is brought under chapter 161, Laws of 1872. The act was probably intended to change the doctrine of *Roosevelt* v. *Draper* (23 N. Y., 318). If the proceeding of the trustees which is complained of is not authorized by law, it would seem to imply a " waste or injury to the property, funds or estate."

The learned justice who denied the motion held that the position of the plaintiffs must be sound, unless the legislature intended to enlarge the powers of the trustees, notwithstanding the restrictions in section 61 of the village charter. (Chap. 220, Laws 1866.) That section provides : " Nor shall any expenditure be made or incurred until the money or tax for that specific object shall have been voted or levied as herein directed." Section 17 requires the village treasurer to keep his accounts separately and

divided into several heads. Among these is "cemetery department," which is to include all the collections, receipts, taxes and contributions for the support of that department. Section 54 specifies and limits the amount of annual tax for several departments. Section 55 provides that, in case any more or greater amount is necessary for any corporation purposes, the same may be raised by a tax, provided that estimates by items and objects and purposes shall first be made by the board of trustees, and submitted to, and voted on by, the taxable inhabitants, etc. And the first section of the charter, among other powers, gives that of purchasing and holding real estate for public cemeteries.

It seems, therefore, that while the village had originally, by its charter, the right of purchasing land for cemeteries, it was restricted in the exercise of that right by sections 54, 55 and 61.

The defendants insist that the word "expenditure," in section 61, applies to current expenses. It does not seem to us that it should be thus limited. The section forbids making or incurring an *expenditure*, and seems to us to be wide enough in its language to include a purchase like that in question. And, therefore, when the legislature gave the village, by its charter, the right of purchasing lands for this purpose, it then imposed the restrictions and limitations on that right which have been above set forth.

Did, then, the act of 1870 (chapter 760) take away these restrictions? That act is an amendment of chapter 727, Laws of 1869. This act of 1869 gave cities and villages the right to acquire title to grounds adjoining existing burial grounds, and gave the right to take such grounds *in invitum*, and this latter provision appears to have been the main object of the act. The right of villages to purchase lands or additional lands for cemeteries already existed. (Laws of 1847, chap. 209; Laws of 1864, chap. 117.)

The law of 1870 extends the right of taking lands *in invitum* to cases where lands are needed, although they do not adjoin existing cemeteries.

Now, as the law of 1847 was a general law in force at the time of the passage of the village charter, it must be held that the restrictive provisions of this charter controlled the provisions of that law. One of those, section 2, provided for the imposing of a tax to pay for the land. We see that the main intent of the law of 1870,

amending that of 1869, was to give the right to take lands by appraisement or *in invitum* where the village could not agree with the owner, and not to confer a right (which already existed) to purchase lands. We must, therefore, suppose that the legislature never intended, by that general law, to affect the special provisions of this village charter. The law of 1870 could not have been intended to confer any power of *purchasing* lands for cemeteries, because that power had existed since 1847. Under the law of 1847, as restricted by the village charter, the power which the defendants now claim has always been theirs.

We think, then, that this law of 1870 was not intended to remove any of the restrictions which are found in the charter. (*Village of Deposit v. Vail.* 12 Sup. Co. N. Y., 310 ; *Village of Gloversville v. Howell*, 14 id., 345 ; *In re D. and H. C. Co.*, 4 Week. Dig., 456.)

It may not be necessary to decide the question, but it is at least worthy of consideration whether sections 2 and 3 of chapter 209 of the Laws of 1847 are not in force, even since the passage of the law of 1870.

But, at any rate, we understand that it is not disputed that at the time when this expenditure was incurred the money or tax for that specific object had not been voted or levied. (§ 61 of the village charter.) And we think, therefore, that the order should be reversed and injunction granted, costs to abide event; the order to be settled by LEARNED, P. J.

Present — LEARNED, P. J., and BOARDMAN, J. ; BOCKES, J., taking no part.

Order reversed and injunction granted, ten dollars costs and printing disbursements to abide event; order to be settled by LEARNED, P. J.